UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>JASON IRIAS,<br><br>            Defendant. | No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMPLAINT - 1

# INTRODUCTION

1.  Plaintiff Valve Corporation ("Valve") brings this complaint to enjoin Defendant Jason Irias from continuing to pursue his arbitration against Valve before the American Arbitration Association ("AAA") because there is no agreement to arbitrate between the parties. Valve's request for relief does not leave Defendant—a putative member of a proposed class pursuing similar antitrust claims in a case pending in this Court—without a way to pursue his claims. It merely asks the Court to answer a simple legal question: Whether Defendant may arbitrate his claims—even though there is no arbitration agreement between the parties—or must resolve his claims in court.

2.  Defendant is attempting to pursue arbitration of his purported antitrust claims against Valve under a superseded version of the Steam Subscriber Agreement ("SSA") between Valve and Steam users, including Defendant, that included an arbitration agreement and class action waiver (the "Superseded SSA").

3.  On September 26, 2024, Valve implemented a new SSA (the "Current SSA," Ex. 1) to remove the arbitration agreement and class action waiver. Valve did so after (i) an arbitrator ruled in four separate arbitrations that the arbitration agreement in the Superseded SSA was unenforceable and (ii) claimants' counsel in those four arbitrations filed a putative class action in this Court, *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash. filed Aug. 9, 2024), asserting substantially similar antitrust claims on behalf of a nationwide class of Valve consumers. The complaint asserted that the arbitration agreement was unenforceable as to the entire putative class (including Defendant) and that Steam users could proceed in court on a class-wide basis based on that arbitrator's rulings. This Court has consolidated *Elliott* with an earlier-filed consumer class action, *In re Valve Antitrust Litigation*, No. 2:21-cv-00563-JNW ("*Wolfire*") (in which Defendant's former counsel in arbitration Vorys, Sater, Seymour and Pease ("Vorys"), is counsel to consumer plaintiffs), and with two other later-filed actions, *Hepler v. Valve Corporation*, No. 2:24-cv-01735 (W.D. Wash. filed Oct. 23, 2024), and *Drake v. Valve Corporation*, No. 2:24-cv-01743 (W.D. Wash. filed Oct. 24, 2024). *Wolfire* remains pending.

COMPLAINT - 2

4.  Defendant received conspicuous notice of the Current SSA and agreed to it through continued use of Steam. He is therefore bound by the Current SSA.

5.  The Current SSA requires that all claims, including claims that arose before the new agreement, proceed in court:

> You and Valve agree that disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.

6.  The Current SSA also provides that it "constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements."

7.  Under well-settled law, the Current SSA requires that Defendant's underlying claims that he seeks to arbitrate be resolved exclusively in court.

8.  Accordingly, Defendant should be enjoined from pursuing his arbitration. Defendant will remain free to prosecute his claims in court in the putative *Wolfire* class action or otherwise.

## NATURE OF THE ACTION

9.  Defendant's counsel, Mason LLP ("Mason"), is attempting to pursue before the AAA not just Defendant's arbitration, but arbitrations on behalf of 19,910 other claimants. Mason has also threatened arbitration claims on behalf of more than 100,000 other putative claimants.

10. On December 15, 2023, Mason and its then co-counsel Vorys filed Defendant's claim with the AAA pursuant to the arbitration agreement in the Superseded SSA.[1]

11. On July 8, 2024, Bucher Law PLLC ("Bucher Law") obtained four rulings before a merits arbitrator holding that the arbitration agreement in the Superseded SSA was unenforceable. This Court previously held in *Wolfire* that enforceability of the arbitration agreement in the Superseded SSA was an issue to be decided by an arbitrator. *See Wolfire Games, LLC v. Valve Corp.*, No 2:21-cv-00563-JCC,

---

[1] Vorys remained arbitration counsel until October 23, 2024. That was weeks **after** Vorys represented to this Court that it should lift the stay in *Wolfire* to permit the putative consumer class action proceed with respect to a nationwide class of Valve consumers with the exception of one, Ryan Lally.

COMPLAINT - 3

2021 WL 4952220, at *1 (W.D. Wash. Oct. 25, 2021).

12. On August 9, 2024, Bucher Law and its co-counsel filed *Elliott* asserting antitrust claims on behalf of a putative nationwide class of Valve consumers, including Defendant. Bucher Law and its co-counsel asserted that all Steam users' claims belonged in court because Bucher Law had "**won binding decisions from arbitrators rendering Valve's arbitration provision unenforceable**." Complaint ¶ 13, *Elliott*, Dkt. 1.

13. As a result of the arbitrator's rulings and the filing of the new class action, on September 26, 2024, Valve began notifying Steam users that the SSA was being updated to remove the arbitration agreement and class action waiver.

14. The Current SSA provides that all claims and disputes between Valve and Steam users must proceed in court, including claims and disputes that arose before Valve implemented the Current SSA.

15. Defendant agreed to and is bound by the Current SSA. The Current SSA requires his claims to proceed in court.

16. Defendant's arbitration is at a preliminary stage. No arbitrator has been selected and no substantive proceedings have occurred in his arbitration.

17. Notwithstanding the arbitrator's rulings that the arbitration agreement is unenforceable, the new putative class action asserting overlapping claims, and Valve's removal of the arbitration agreement from the SSA, Mason continued to pursue arbitration claims before the AAA on behalf of Defendant and 19,910 other claimants.

18. With respect to 14,911 Mason claimants, including Defendant, the AAA issued Valve an invoice of $20.875 million in case management fees. Valve declined to pay the fees, as is Valve's right under the AAA rules, on the ground that there is no agreement to arbitrate in the Current SSA. Mason then commenced a series of duplicative litigation to compel Valve to pay the case management fees. Mason filed a motion in *Wolfire* demanding that Valve pay the case management fees for Defendant and 14,910 other claimants as a "sanction." Mason also filed two putative class actions that are now pending

COMPLAINT - 4

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

before this Court, *Welty v. Valve Corp.*, No. 2:25-cv-02450 (W.D. Wash. filed May 2, 2025), and *Smith v. Valve Corp.*, No. 2:25-cv-01478 (W.D. Wash. filed Aug. 5, 2025), seeking the same relief: an order compelling Valve to pay the case management fees. Defendant is a member of the putative class in *Smith*.

19. The claims of 5,000 other Mason claimants were referred to a Process Arbitrator. On February 9, 2026, the Process Arbitrator ruled that only a court can decide which agreement applies to the claimants as between the Superseded SSA and Current SSA. (Ex. 2 at 11.)

20. On December 17, 2025, Mason notified the AAA that Defendant had "elected to move forward with his arbitration claim against Valve" and that Mason would advance the case management fees for his arbitration. The AAA is administering his arbitration.

21. Based on Valve's preliminary analysis of Mason's claimant pool, there appear to be (i) more than 200 putative claimants who are deceased (including 10 whose claims Mason has filed with the AAA); (ii) more than 350 putative claimants who appear to be in active bankruptcy proceedings; and (iii) claimants who appear to have been minors at the time their claims were filed. Mason also appears to be pursuing or threatening claims on behalf of more than 1,400 claimants who are represented by one or two other law firms pursuing the same claims.

22. Mason's goal is not to arbitrate claimants' disputes. Instead, its gambit is to leverage AAA administrative filing fees to force Valve to acquiesce to a settlement untethered to the merits of the claims. Mason has received litigation funding from Bench Walk 22m, L.P., an affiliate of Bench Walk Advisors LLC (collectively, "Bench Walk"), to pursue Mason's mass arbitration strategy. (Exs. 3, 4.)

23. Other law firms are also pursuing similar mass arbitrations asserting antitrust claims against Valve, including Bucher Law and Labaton Keller Sucharow LLP ("Labaton"). Bucher and Labaton have also received litigation funding from Bench Walk. (Exs. 5, 6.)

24. Defendant agreed to the Current SSA. The AAA therefore lacks jurisdiction to adjudicate his dispute. Accordingly, Valve respectfully requests an order enjoining Defendant's arbitration.

### THE PARTIES

25. Plaintiff Valve is a corporation organized under the laws of Washington state, with its

COMPLAINT - 5

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

principal place of business in King County, Washington.

26. Defendant Jason Irias is an individual residing in Cook County, Illinois. Defendant has been a Steam user since 2012 and is among 19,911 claimants Mason purports to represent in arbitration against Valve before the AAA.

## JURISDICTION AND VENUE

27. This Court has jurisdiction under 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under the laws of the United States—the Sherman Act, 15 U.S.C. §§ 1, 2.

28. Venue is appropriate in this Court because Section 10 of the agreement between the parties, the Current SSA, provides:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.[2]

(Ex. 1 § 10.)

29. This court has personal jurisdiction over Defendant because Section 10 of the agreement between the parties, the Current SSA, provides:

> You and Valve hereby consent to the exclusive jurisdiction of [any state or federal court located in King County, Washington, having subject matter jurisdiction] and waive any objections as to personal jurisdiction or venue in such courts.

(*Id.*)

---

[2] The Superseded SSA also required that disputes brought in court proceed in any state or federal court located in King County, Washington, with subject matter jurisdiction.

COMPLAINT - 6

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**SUMMARY OF FACTS**

**A.    Valve, the Steam Platform, and the SSA**

30.     Valve is a video game developer, publisher, and digital distribution company. Valve offers an online platform called Steam, where consumers can purchase, play, and interact with their friends about video games.

31.     For an individual to create a Steam account and become a Steam user, they must first agree to the SSA.

32.     Valve has periodically modified the SSA since it was first implemented in 2003.

33.     Defendant originally agreed to the SSA on October 28, 2012. That version of the agreement contained an arbitration agreement and class action waiver.

34.     On September 26, 2024, Valve provided notice to Steam users including Defendant that the arbitration agreement and class action waiver were being removed from the SSA effective (i) "immediately when you agree to it, including when you make most purchases, fund your Steam wallet, or otherwise accept it" or otherwise (ii) on November 1, 2024.

35.     Valve provided multiple forms of notice to Steam users about the Current SSA. On or around September 26, 2024, Valve added a banner at the top of the SSA prominently announcing: "Valve has updated the Steam Subscriber Agreement. The updates affect your legal rights, including how disputes and claims between you and Valve are resolved. Among other things, the new dispute resolution provisions in Section 10 require that all disputes and claims proceed in court and not in arbitration. Please review carefully." The banner is set forth below.

COMPLAINT - 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

> Valve has updated the Steam Subscriber Agreement. The updates affect your legal rights, including how disputes and claims between you and Valve are resolved. Among other things, the new dispute resolution provisions in Section 10 require that all disputes and claims proceed in court and not in arbitration. Please review carefully.

Home
## Steam Subscriber Agreement

36. Also, on September 26, 2024, Valve provided email notice to all U.S. Steam users of the new SSA (the "Email Notice"), sending the notice to the email address of record for their Steam accounts. The Email Notice specifically called out changes to the dispute resolution provision, providing:

COMPLAINT – 8

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900



37. The Email Notice included multiple links to the full text of the Current SSA, shown in the blue text above.

38. The Email Notice explained: "This updated Steam Subscriber Agreement will become effective immediately when you agree to it, including when you make most purchases, fund your Steam wallet, or otherwise accept it."

COMPLAINT - 9

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

39. The Email Notice further provided: "Otherwise, the updated Steam Subscriber Agreement will become effective on November 1, 2024, unless you delete or discontinue use of your Steam account before then."

40. The Email Notice also explained how users could delete their Steam account.

41. Also on September 26, 2024, Valve published a blog post on the Steam platform providing notice of the new SSA (the "Blog Post"), *available at* https://store.steampowered.com/news/app/593110/view/4696781406111167991. The Blog Post provided:



42. The Blog Post included multiple links to the full text of the Current SSA, shown in blue text above.[3]

---

[3] Valve also provided notice of the new agreement through an in-app pop-up that appeared when users opened the Steam client between September 26, 2024, and October 31, 2024. *See* Complaint, *Abbruzzese*, Dkt. 78 ¶¶ 118-21. Steam users could assent to the Current SSA through the pop-up notice or purchase on Steam.

COMPLAINT – 10

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**B.    Defendant Agrees to the Current SSA and to Proceed with All Claims in Court**

43.    On or around September 26, 2024, Valve provided Defendant the Email Notice at the email address provided to Steam when his account was opened.

44.    Defendant did not delete or discontinue use of his Steam account by November 1, 2024. To the contrary, Defendant logged into his Steam account on December 11, 2025, more than a year after the Current SSA went into effect on November 1, 2024.

45.    Defendant is bound by the Current SSA.

46.    The Current SSA does not contain an arbitration agreement.

47.    The Current SSA provides that all claims and disputes, including claims and disputes that arose before the effective date of the Current SSA, must proceed in court in Washington:

> You and Valve agree that all disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction.

(*See* Ex. 1 § 10 (*available at* https://store.steampowered.com/subscriber_agreement/).)

48.    The Current SSA contains a merger clause providing as follows:

> This Agreement, including any Subscription Terms, Rules of Use, the Valve Privacy Policy, and the Valve Hardware Limited Warranty Policy, constitutes and contains the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior oral or written agreements.

(*See* Ex. 1 § 11 (*available at* https://store.steampowered.com/subscriber_agreement/).)

**C.    Valve Reimburses AAA Filing Fees and Vorys Moves to Lift the Stay in *Wolfire***

49.    On September 27, 2024, Valve informed Defendant's then-counsel, Vorys and Mason, that Valve had "removed the arbitration agreement from the SSA." Valve also informed Vorys and Mason that Valve would reimburse their clients' arbitration filing fees.

50.    On October 1, 2024, Vorys and Mason accepted Valve's offer to reimburse them for their clients' AAA filing fees, including Defendant's. Valve reimbursed Vorys and Mason for their claimants' AAA filing fees in the amount of $1,518,325.00.

COMPLAINT - 11

**D.    The AAA Administratively Stays Defendant's Arbitration and Mason Commences Litigation**

51. On May 15, 2025, the AAA administratively stayed Defendant's arbitration and 14,910 other arbitrations Mason was pursuing at Mason's request.

52. Mason then commenced two overlapping class actions and a duplicative motion for sanctions all aimed at forcing Valve to pay the $20.875 million AAA invoice.

**E.    Mason States Intention to Advance Fees for Just One Claimant's Arbitration: Defendant's**

53. On December 17, 2025, Mason informed the AAA that Defendant "has elected to move forward with his arbitration claim against Valve." Mason has represented that it will seek an order of the arbitrator requiring Valve to repay the case management fees Mason claims it will advance in Defendant's arbitration.

54. On February 3, 2026, Valve submitted a letter to the AAA objecting to the AAA's administration of Defendant's arbitration because the Current SSA to which Defendant agreed does not include an arbitration agreement. Valve further explained the arbitration should not proceed because Mason is simultaneously pursuing relief purportedly on behalf of Defendant in this Court—(i) a motion for sanctions brought by another claimant purportedly on behalf of Defendant and 14,910 other claimants and (ii) a putative class action purportedly on behalf of a nationwide class that would include Defendant, although Valve contends that no class could be certified.

55. Nonetheless, on February 6, 2026, the AAA refused to resolve Valve's objection and instead informed the parties that it would proceed with the appointment of a merits arbitrator.

**F.    Valve Is Suffering and Will Continue To Suffer Irreparable Harm**

56. Valve is suffering, and absent an order enjoining Defendant's arbitration, will continue to suffer irreparable harm if Defendant's arbitration proceeds because there is no arbitration agreement between the parties.

57. Although Valve has requested that the AAA close Defendant's arbitration administratively for lack of jurisdiction, the AAA will not address the request and instead intends to appoint a merits arbitrator.

COMPLAINT - 12

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

58. An arbitrator cannot decide the parties' dispute as to whether the Superseded SSA or the Current SSA governs Defendant's arbitration. Only a court can make that determination.

59. If Defendant's arbitration proceeds, Valve will devote substantial time and resources towards defending an arbitration Defendant has no right to pursue in the first place.

60. Absent an injunction, Valve may incur needless expenses vacating arbitral awards in an arbitration that Defendant has no right to pursue.

61. Valve is also irreparably harmed by being forced to defend against duplicative litigation in *Wolfire* and *Smith*, in which actions Mason demands, among other things, that Valve pay the case management fees in Defendant's arbitration and other sanctions.

G. **The Balance of Equities Favors Valve**

62. The balance of equities supports an injunction.

63. Forcing Valve to engage in an arbitration where Defendant is not bound to arbitrate and instead must pursue his claims in court under the Current SSA serves no equitable purpose.

64. On the contrary, Valve has been and will continue to be subject to harassing and vexatious proceedings that Mason on behalf of Defendant and other arbitration claimants has no right to pursue.

65. Defendant will also suffer no prejudice from an injunction. Defendant may pursue his claims in court.

66. In fact, there is already a putative class action in this Court, *Wolfire* (which was filed in 2021, well before Mason filed its arbitrations), asserting overlapping claims purportedly on behalf of a putative nationwide class that would include Defendant, although Valve contends that no class could be certified.

H. **The Public Interest Favors an Injunction**

67. There is no public interest in requiring Valve and Defendant to arbitrate a dispute that must proceed in court and where any arbitral award will be subject to potential vacatur.

68. Permitting arbitrations to proceed at the same time as parallel putative class actions, including *Wolfire*, *Welty*, and *Smith*, would be a manifest waste of judicial resources, although Valve

COMPLAINT - 13

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

contends that no class could be certified in any of these putative class actions.

I. **Allowing Defendant's Arbitration To Proceed Would Interfere with the Jurisdiction of This Court in *Wolfire* in Violation of the All Writs Act**

69. Mason is seeking to pursue Defendant's antitrust claims in arbitration before the AAA.

70. There is also a parallel putative class action in this Court, *Wolfire*, brought on behalf of a putative class that purports to include Defendant and encompasses the claims and relief sought in Defendant's arbitration.

71. Any decisions, orders, or awards in Defendant's arbitration may conflict with rulings of this Court in *Wolfire*. The plaintiffs in *Elliott* concede as much, averring, "[t]he prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." Complaint ¶ 176, *Elliott*, Dkt. 1. In the First Amended Complaint filed by Vorys in *Colvin v. Valve Corporation*, No. 21-cv-00801 (C.D. Cal. filed Apr. 8, 2021), an action that this Court later consolidated with *Wolfire*, the plaintiffs likewise averred that "[t]he prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for [Valve]." First Am. Compl. ¶ 139, *Colvin*, Dkt. 34.

72. In addition, Mason has filed a motion for sanctions in *Wolfire* seeking an order requiring Valve to pay the case management fees in Defendant's arbitration.

73. Mason has also filed putative class actions in *Welty* and *Smith* seeking orders requiring Valve to pay the case management fees in arbitrations Mason is attempting to pursue before the AAA. The putative class in *Smith* expressly includes Defendant.

74. It would threaten the jurisdiction of this Court and any judgment of this Court in *Wolfire*, *Welty*, and *Smith* for Defendant's arbitration to proceed because the arbitration could result in rulings inconsistent with the rulings of this Court.

COMPLAINT - 14

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT THAT THE CURRENT SSA IS VALID AND ENFORCEABLE AND REQUIRES DEFENDANT TO PURSUE HIS CLAIMS AGAINST VALVE IN COURT

75. Valve realleges and incorporates by reference the allegations in Paragraphs 1 through 74 as if fully set forth herein.

76. Defendant received notice of the Current SSA.

77. Valve and Defendant have assented to the Current SSA.

78. The Current SSA requires Defendant to pursue his claims against Valve in court.

79. Valve seeks a declaration pursuant to 28 U.S.C. § 2201 that (i) the Current SSA is valid and enforceable as to Defendant, (ii) Valve and Defendant have entered into the Current SSA, and (iii) the Current SSA requires Defendant to pursue his claims against Valve in court.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

80. Valve realleges and incorporates by reference the allegations in Paragraphs 1 through 74 as if fully set forth herein.

81. Valve and Defendant have entered into the Current SSA.

82. Section 10 of the Current SSA provides that "disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction." (Ex. 1 § 10.)

83. Defendant is breaching the Current SSA by attempting to pursue his purported antitrust claims against Valve in arbitration.

84. Defendant's breach has caused and will continue to cause Valve to incur damages.

85. Valve seeks equitable relief only and does not seek money damages against Defendant.

COMPLAINT – 15

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# THIRD CAUSE OF ACTION

## DECLARATORY JUDGMENT THAT DEFENDANT MUST PURSUE HIS CLAIMS IN COURT AND INJUNCTIVE RELIEF

86. Valve realleges and incorporates by reference the allegations in Paragraphs 1 through 74 as if fully set forth herein.

87. Valve and Defendant have entered into the Current SSA

88. Section 10 of the Current SSA provides that "disputes and claims between you and Valve (including any dispute or claim that arose before the existence of this or any prior agreement) shall be commenced and maintained exclusively in any state or federal court located in King County, Washington, having subject matter jurisdiction." (Ex. 1 § 10.)

89. Defendant is breaching the Current SSA by attempting to pursue his purported antitrust claims against Valve in arbitration.

90. Valve seeks (i) a declaration pursuant to 28 U.S.C. § 2201 that Defendant must pursue the claims that Mason is prosecuting on his behalf in arbitration before the AAA only in court, and (ii) an order pursuant to 28 U.S.C. §§ 2201-02 enjoining Defendant's arbitration before the AAA, which Mason is prosecuting on Defendant's behalf.

# FOURTH CAUSE OF ACTION

## INJUNCTIVE RELIEF UNDER THE ALL WRITS ACT

91. Valve realleges and incorporates by reference the allegations in Paragraphs 1 through 74 as if fully set forth herein.

92. Defendant is breaching the Current SSA by attempting to pursue his purported antitrust claims against Valve in arbitration.

93. There is also a putative class action pending in this district, the *Wolfire* action, brought on behalf of a putative class that includes Defendant, that encompasses all of Defendant's claims and the relief Defendant seeks in arbitration.

94. Mason has also filed a motion for sanctions in *Wolfire* seeking an order requiring Valve to

COMPLAINT - 16

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

pay the case management fees in Defendant's arbitration.

95. Mason has also filed a putative class action in *Smith* seeking an order requiring Valve to pay the case management fees in Defendant's arbitration.

96. Mason has also filed a putative class action in *Welty* seeking an order requiring Valve to pay case management fees in arbitrations Mason is pursuing before the AAA.

97. It would threaten the jurisdiction and any judgment of the court in *Wolfire*, *Smith*, and *Welty* for the arbitration Mason is pursuing on behalf of Defendant to proceed because it could result in a ruling inconsistent with a ruling of the *Wolfire*, *Smith*, and/or *Welty* court.

98. Thus, Valve seeks an order pursuant to 28 U.S.C. § 1651(a) enjoining the arbitration before the AAA that Mason is prosecuting on Defendant's behalf.

## **PRAYER FOR RELIEF**

**WHEREFORE, Valve respectfully requests that this Court award the following relief:**

(a) A declaration pursuant to 28 U.S.C. § 2201 that the Current SSA is valid and enforceable as to Defendant.

(b) A declaration pursuant to 28 U.S.C. § 2201 that Valve and Defendant have entered into the Current SSA and Defendant is bound by the Current SSA.

(c) A declaration pursuant to 28 U.S.C. § 2201 that the Current SSA requires Defendant to pursue his claims against Valve in court.

(d) An order pursuant to 9 U.S.C. § 4, 28 U.S.C. §§ 2201-02, and 28 U.S.C. § 1651(a), enjoining Defendant's arbitration.

(e) Any other relief that the Court deems just and appropriate.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 27th day of February 2026.

        *s/ Blake Marks-Dias*
Blake Marks-Dias, WSBA No. 28169
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
(206) 625-8600 Phone
(206) 625-0900 Fax
bmarksdias@corrcronin.com

Michael W. McTigue Jr., *Pro Hac Vice Forthcoming*
Meredith C. Slawe, *Pro Hac Vice Forthcoming*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
michael.mctigue@skadden.com
meredith.slawe@skadden.com

*Attorneys for Plaintiff Valve Corporation*

COMPLAINT - 18

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900