THE HONORABLE JAMAL N. WHITEHEAD

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VALVE CORPORATION,<br><br>                    Plaintiff,<br><br>          v.<br><br>JASON IRIAS,<br><br>                    Defendant. | No. 2:26-cv-00698-JNW<br><br>**DECLARATION OF BLAKE MARKS-DIAS IN SUPPORT OF PLAINTIFF VALVE CORPORATION'S MOTION FOR PRELIMINARY INJUNCTION** |

DECLARATION OF BLAKE
MARKS-DIAS
(No. 2:26-00698-JNW)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Blake Marks-Dias states and declares as follows:

1.    I am over 18 years of age, I have personal knowledge of the matters stated herein, and I am competent to testify to these matters.

2.    I am one of the attorneys representing Valve Corporation ("Valve") in this action and make this Declaration in support of Valve's Motion for Preliminary Injunction.

3.    On December 15, 2023, Mason LLP ("Mason") and its then co-counsel Vorys, Sater, Seymour and Pease LLP ("Vorys") filed Defendant Jason Irias's ("Defendant") claim with the AAA.

4.    Defendant's counsel Mason is attempting to pursue AAA arbitrations against Valve on behalf of 19,911 claimants, including Defendant. Mason has also threatened arbitration claims on behalf of more than 100,000 other putative claimants.

5.    Based on a preliminary analysis of Mason's claimant pool, there appear to be (i) more than 200 putative claimants who are dead—including 10 claimants whose claims Mason has filed with the AAA; (ii) more than 350 claimants in active bankruptcy proceedings; and (iii) claimants who were minors at the time their claims were asserted.

6.    Mason also appears to be pursuing or threatening claims before the AAA on behalf of more than 1,400 claimants who are represented by one or two other law firms pursuing or threatening to pursue the same or substantially similar antitrust claims on their behalf against Valve.

7.    On July 8, 2024, an AAA arbitrator held, in rulings in four arbitrations, that the arbitration agreement in the Steam Subscriber Agreement then in effect ("Superseded SSA") was unenforceable.

8.    On August 9, 2024, following those rulings, a putative antitrust class action was filed against Valve asserting that the arbitration agreement in the Superseded SSA is unenforceable: *Elliott v. Valve Corporation*, No. 2:24-cv-01218 (W.D. Wash.) ("*Elliott*").

DECLARATION OF BLAKE
MARKS-DIAS
(No. 2:26-cv-00698-JNW)

2

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

9. On September 26, 2024, in light of the arbitrator's ruling that the arbitration provision was unenforceable and the filing of a putative class action on that basis, Valve removed the arbitration provision and class action waiver from the SSA ("Current SSA").

10. On September 27, 2024, Valve notified Defendant's counsel that Valve had updated the SSA to remove the arbitration provision. Because Valve and its Steam users no longer agreed to arbitrate their disputes, Valve offered to reimburse any filing fees associated with Defendant's arbitration. Attached hereto as **Exhibit 1** is a true and correct copy of Valve's letter.

11. Steam users could reject the Current SSA and maintain their Steam accounts. For example, because Ryan Lally (a Steam user) did not log onto his Steam account after the Current SSA was adopted and had not otherwise accepted the Current SSA, Valve agreed to proceed with Lally's arbitration under the Superseded SSA. Valve has taken the same position with another arbitration claimant who did the same. Attached hereto as **Exhibit 2** is a true and correct copy of Valve's Opposition to Ryan Lally's Motion for Sanctions filed on June 26, 2025, in the action captioned *In re Valve Antitrust Litigation*, No. 21-cv-00563-JNW (W.D. Wash.).

12. On October 1, 2024, Vorys and Mason accepted Valve's offer to reimburse them for their clients' AAA filing fees, including Defendant's. Attached hereto as **Exhibit 3** is a true and correct copy of a letter from Defendant's counsel to Valve, dated October 1, 2024, in which Defendant's counsel states it "will send you the applicable AAA filing fee invoices, payment instructions and a W-9 under separate cover."

13. Valve reimbursed Vorys and Mason for their clients' AAA filing fees in the amount of $1,518,325.00. Attached hereto as **Exhibit 4** is a true and correct copy of email correspondence from Mason to Valve, dated October 15, 2024, in which Mason states it is "in receipt of payment from [Valve] in the amount of $1,518,325.00 representing full reimbursement of our clients' AAA filing fees to date."

| DECLARATION OF BLAKE MARKS-DIAS (No. 2:26-cv-00698-JNW) | 3 | **CORR CRONIN LLP** 1015 Second Avenue, Floor 10 Seattle, Washington 98104-1001 Tel (206) 625-8600 Fax (206) 625-0900 |

14.    On February 13, 2025, Valve requested that the AAA administratively close arbitrations Mason filed, including Defendant's arbitration, on the ground that the AAA no longer had jurisdiction because there is no agreement to arbitrate in the Current SSA. Attached hereto as **Exhibit 5** is a true and correct copy of Valve's letter.

15.    On March 24, 2025, the AAA denied Valve's request to close the arbitrations. Attached hereto as **Exhibit 6** is a true and correct copy of the AAA's email correspondence.

16.    On March 24, 2025, the AAA issued an invoice to Valve of approximately $20.875 million in case management fees for Defendant's case and those of 14,910 other arbitration claimants represented by Mason. Attached hereto as **Exhibit 7** is a true and correct copy of the AAA invoice.

17.    On April 23, 2025, Valve advised the AAA that it declined to pay the invoiced fees, as is Valve's right under the AAA rules, on the grounds that there is no agreement to arbitrate in the Current SSA. Attached hereto as **Exhibit 8** is a true and correct copy of Valve's letter.

18.    On May 15, 2025, the AAA administratively stayed Defendant's arbitration and 14,910 other arbitrations Mason was pursuing at Mason's request. Attached hereto as **Exhibit 9** is a true and correct copy of email correspondence from the AAA to the parties advising that the arbitrations were stayed.

19.    On December 17, 2025, Mason notified the AAA that Defendant had "elected to move forward with his arbitration claim against Valve" and that Mason would advance the case management fees for his arbitration. Mason has represented that it will seek an order of the arbitrator requiring Valve to repay the case management fees that Mason will advance in Defendant's arbitration. Attached hereto as **Exhibit 10** is a true and correct copy of Mason's correspondence.

| DECLARATION OF BLAKE MARKS-DIAS (No. 2:26-cv-00698-JNW) | 4 | **CORR CRONIN LLP** 1015 Second Avenue, Floor 10 Seattle, Washington 98104-1001 Tel (206) 625-8600 Fax (206) 625-0900 |
| --- | --- | --- |

20.    On January 28, 2026, the AAA commenced administration of Defendant's arbitration. Attached hereto as **Exhibit 11** is a true and correct copy of the AAA's administration letter.

21.    On February 3, 2026, Valve objected to the AAA's administration of Defendant's arbitration because there is no agreement to arbitrate between the parties. Attached hereto as **Exhibit 12** is a true and correct copy of Valve's letter.

22.    On February 6, 2026, the AAA declined to resolve Valve's objection and advised that it would proceed with the appointment of a merits arbitrator to hear Defendant's claim. Attached hereto as **Exhibit 13** is a true and correct copy of the AAA's correspondence.

23.    On February 27, 2026, Valve requested that the AAA "suspend administration of the [Defendant's arbitration] because Valve has filed an action in federal court to enjoin the arbitration." Attached hereto as **Exhibit 14** is a true and correct copy of Valve's letter.

24.    On March 10, 2026, the AAA advised the parties that it was placing Defendant's arbitration in abeyance for 90 days based on the pendency of this action. Attached hereto as **Exhibit 15** is a true and correct copy of the email correspondence from the AAA to the parties.

25.    The claims of 5,000 other Mason claimants were referred to a AAA Process Arbitrator. On February 9, 2026, Process Arbitrator David C. Singer ruled that only a court can decide whether the Superseded SSA or the Current SSA applies to the 5,000 Mason claimants. Attached hereto as **Exhibit 16** is a true and correct copy of the Order of Process Arbitrator, dated February 9, 2026.

26.    Mason has received litigation funding from Bench Walk 22m, L.P., an affiliate of Bench Walk Advisors LLC (collectively, "Bench Walk"), to pursue its mass arbitration strategy against Valve.

27.    Attached hereto as **Exhibit 17** is a true and correct copy of Mason's Uniform Commercial Code ("UCC") Financing Statement, dated July 10, 2023.

DECLARATION OF BLAKE MARKS-DIAS
(No. 2:26-cv-00698-JNW)

5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

28.    Attached hereto as **Exhibit 18** is a true and correct copy of Mason's UCC Financing Statement Amendment, dated May 9, 2025.

29.    Other law firms that have received litigation funding from Bench Walk are also pursuing mass arbitrations asserting antitrust claims against Valve, including Bucher Law PLLC ("Bucher Law").

30.    Attached hereto as **Exhibit 19** is a true and correct copy of Bucher Law's UCC Financing Statement, dated April 6, 2023.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 29th day of April, 2026, at Seattle, Washington.

CORR CRONIN LLP

_s/ Blake Marks-Dias_
Blake Marks-Dias

DECLARATION OF BLAKE MARKS-DIAS
(No. 2:26-cv-00698-JNW)

6

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900